IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS KILLOUGH, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:22-0226-KD-MU |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiffs' Motion to Compel. Doc. 27. This motion was originally filed as a Motion for Sanctions, *Plaintiff's Motion to Preclude Defendant from Offering Witnesses and Evidence*, but has been construed by the Court as a motion to compel. Doc. 29. The parties have been given full opportunity to further brief the issues. *See* Docs. 28, 31, 32. Having reviewed the pleadings, exhibits, and law, the Court finds that Defendant's objections to relevancy and proportionality are **OVERULED** and Plaintiffs' Motion to Compel is **GRANTED** as set out below.

## Status of Proceedings

This is a breach of contract case. The parties fundamentally disagree over the scope of relevant discovery in the matter.

Plaintiffs' home sustained damage as a result of Hurricane Zeta. There is no dispute that at the time of the hurricane, Plaintiffs' property was insured under a Homeowners Policy of insurance issued by Defendant State Farm Fire and Casualty Company ("State Farm"). There is no dispute that State Farm issued payment to

Plaintiffs for wind damage to the property.  Here, Plaintiffs are suing State Farm for failure to cover additional structural damage that hired inspector, Donan Engineering, concluded was not caused by wind, but by "settlement" – which is excluded under the policy.  Doc. 28 at 4.

Plaintiffs contend they are entitled to relevant discovery regarding Donan Engineering's bias, credibility, qualifications, and relationship with State Farm. Plaintiffs also seek discovery on State Farm's claims handling policies and procedures, and on State Farm's underwriting policies (as the home was inspected prior to issuance of the policy in 2017, and Plaintiffs were asked to make certain repairs to their 100-year old home – but no mention was made of settlement at that time, Doc. 31 -2 at 2).  The Court agrees with Plaintiffs' contentions and so stated in the January 4, 2023, telephonic pre-motion discovery mediation.  Following that informal hearing (and review of the parties' submitted positions, documents, caselaw and argument), the Court set out in a text-only order that State Farm was required to produce and answer all discovery which relates to and is within the boundaries of Plaintiffs' breach of contract claim.  Specifically, the Court found relevant for discovery purposes:

> [T]he underwriting of Plaintiffs' policy; Donan Engineering; Defendant's relationship with Donan Engineering; Defendant's manuals, policies, and procedures if invoked in the consideration of the claim at issue; and the identification of employees or other witnesses involved in the decision on the claim - - to the extent the discovery request involves Plaintiff[s'] insurance contract, policy, decision to deny, and the asserted breach of contract claim.

Doc. 25.

Plaintiffs filed the instant Motion to Compel on February 17, 2023, due to Defendant's continued refusal to respond to interrogatories and requests for production,

as directed by the Court, and Defendant's further refusal to provide dates to depose Defendant's witnesses.  Doc. 27 at 7-10; Doc. 32 at 1-7.  In response to the motion, Defendant remains steadfast in its position that the issue of this suit is simple, asking only whether there is a covered loss for which benefits were not paid.  Doc. 28 at 4-5; *see also* Doc. 27-1.  With this view, State Farm believes the Court's pre-motion mediation order "unnecessarily broadened the scope of discovery beyond what is reasonable and proportionate for this case," but further maintains that it has produced its entire Claim File responsive to Plaintiffs' discovery requests, with the exception of documents withheld or redacted under claims of privilege and supplied a privilege log as to those withheld or redacted documents, as well as its complete underwriting file.  *See* Doc. 28 at 6-9; Doc. 31-7 at 1.

Plaintiffs, however, dispute the responsiveness of the produced documents; in particular, Plaintiffs assert that interrogatory numbers 1, 2, 5, 11, and 12 and requests for production numbers 1, 2, 3, 4, 5, 7, 8, 18, 19, 20, and 21 remain at issue.  Doc. 32 at 1-5.  Also at issue, as laid out in Plaintiffs' motion and reply, is State Farm's refusal to tender witnesses for noticed depositions.  *See* Docs. 32 at 5-7.

Paralleling these discovery issues are the deadlines set by the Court's Scheduling Order signed by Magistrate Judge Sonja F. Bivins.  Docs. 8, 20.  The discovery completion deadline has previously been extended to March 13, 2023, and, the deadline for Defendant's expert disclosures was extended to February 13, 2023, which has now passed without Defendant identifying any expert(s).  Notably, the parties were informed by Judge Bivins that these extensions would be the last and that the trial date would not be extended.  Doc. 20.  State Farm maintains that it has conducted

3

discovery in good faith and that any delay in discovery is attributable to unforeseeable circumstances. While State Farm has repeatedly made requests to Plaintiff to seek a joint extension to the March 13 deadline, Plaintiff has pressed to continue with the set scheduling order.

<h2 style="text-align:center">Discovery Issues[1]</h2>

**A. Interrogatories.**

In responding to Plaintiffs' interrogatories, State Farm submitted the following pertinent general objections:

1. Defendant objects to each and every request to the extend it is irrelevant, immaterial, overly broad, and otherwise beyond the scope of permissible discovery as set forth in Fed. R. Civ. P. 26(b)(1). The term "overly broad" means that the requested information encompasses, in large part, material that is not relevant to the subject matter involved in the present action and is not reasonably calculated to lead to the discovery of admissible evidence, and that supplying the requested information would be unduly burdensome and oppressive. In these response, the term "unduly burdensome" means that supplying the requested information would be oppressive, harassing would cause undue financial burden to State Farm. . . . [Based on the issued policy] any interrogatory or document request concerning matters other than whether there was any covered loss for which benefits were not paid, such as underwriting, policy issuance, renewal and/or nonrenewal, handling of other claims for other insureds, the retention of structural engineers for other claims of other insureds, the mechanics, methods, procedures, guidelines and/or regulations for claim handling and the individuals involved therein, is irrelevant, immaterial, overly broad, and otherwise beyond the scope of permissible discovery and not proportional to the needs of the case.

2. Defendant objects to each and every interrogatory to the extent the same request disclosure of confidential business information of the Defendant. Defendant further objects to each and every request to the extent the same request release or review of information pertaining to

---

[1] Since the Court's January 4, 2023, order, State Farm has supplemented its interrogatories and requests for production, thereby reducing the scope of this discovery dispute.

the employees or former employees protected by law or general privacy rights from disclosure to third parties.

6. Defendant objects to each and every interrogatory to the extent it seeks privileged, personal, and confidential information regarding Defendant's insureds who are not involved in this action and which violates their right of privacy.

Doc. 32-1 at 2-4.  Below are the interrogatories and responses remaining at issue in this matter:

1. Please identify . . . all individuals who have knowledge of any facts concerning . . . the following:

   a. Knowledge regarding the underwriting and issuance of Plaintiffs' policy made the basis of this suit;
   b. Knowledge regarding the condition of the Plaintiffs' home prior to Hurricane Zeta, including but not limited to the condition of the home before Defendant agreed to insure said home;
   c. Knowledge regarding any inspections of Plaintiffs' home before the Defendant agreed to insure said property.
   d. Knowledge regarding any inspections of the Plaintiffs' home after Defendant first insured the Plaintiffs' home but before Hurricane Zeta.
   e. Knowledge regarding any inspections of the Plaintiffs' home after Hurricane Zeta.
   f. Knowledge regarding any decisions not to renew Plaintiffs' policy of insurance.
   g. Knowledge regarding any estimated dollar value of Plaintiffs' alleged loss made the basis of this suit.

   **Response:  Objection. See General Objection #1. . . . State Farm States that it made its claim decisions based on its inspection of the plaintiffs' premises and the report of Donan Engineering Company. Also, . . . State Farm is producing photographs from an October 2017 inspection and from after the repairs relating to said inspection were completed.**

2. With regard to each individual identified above, please state facts or evidence you believe each said individual is likely to have and/or will testify to if called as a witness in this case.

   **Response: Objection. See General objection #1. . . . State Farm anticipates that its Corporate Representative and possibly a representative from Donan Engineering Company will testify**

5

**concerning the facts determined from inspections of the plaintiffs' property as reflected in State Farm's damage appraisal and the Donan Engineering Company's report**.

5. Please identify all individuals who participated in any decision to pay or not pay all or a portion of the Plaintiffs' claim made the basis of this suit, and with regard to each individual identified, please state what decisions were made and on what dates each decision was made.

**Response: Objection. See General Objection #1. . . . State Farm states that it made the decision to pay for all covered loss sustained by the plaintiffs.**

11.   Please set forth the number of times that you have retained Donan Engineering to inspect homes for alleged hurricane or wind-related damage to an insured's home.  This request is limited to the five years prior to the incident made the basis of this suit.

**Response: Object. See General Objections ## 1, 2 and 6.**

12.   Please state the amount of money you have paid Donan Engineering to inspect homes for alleged hurricane or wind-related damage to an insured's home. The request is limited to the five years prior to the incident made the basis of this suit.

**Response: Objection. See General Objection #1. . . . Donan Engineering company was paid $2,332 for its services with respect to the Plaintiffs' home.**


B. <u>**Requests for Production**</u>.

1.   Produce all documents provided to or received from Donan Engineering that relate to Plaintiffs' claim.

**Response: To the extent mot protected by the Federal Rules of Civile[sic] Procedure, see documents produced in State Farm's Initial Disclosures and State Farm's production of Donan documents October 18, 2022.**

2.   Produce documents which contain the amount of money paid to Donan Engineering for adjusting claims on your behalf for the five years before Hurricane Zeta.

**Response: Objection. See General Objections ##1, 2, and 6.  Donan Engineering was paid $2,332 for its services with respect to the**

**Plaintiffs' home and the documentation of said payment was produced in the Initial Disclosures.**

3.  Produce a copy of all retention agreements with Donan Engineering that encompass Donan inspecting homes on your behalf for alleged hurricane or wind-related damage to an insured's home.

**Response: Objection. See General Objections ## 1, 2, and 6**.

4.  Produce all internet documents that relate to your decision to retain Donan Engineering to investigate property damage claims on your behalf.[2]

**Response: Objections. See General Objections ## 1 and 6 . . . Defendant states that there is no specific internet document that relates State Farm's decision to retain Donan on this particular claim.**

5.  Produce documents which contain the amount of money paid to Donan Engineering for adjusting claims on your behalf for the three years preceding Plaintiffs' claim.

**Response:  Objection. See General Objections # 1, 2, and 6.**

7.  Produce a copy of the operation guide(s), claims manual(s) and/or handbook(s) containing the standards or recommended procedures of the Defendant for the administration, evaluation, determination, and payment of claims, and in use during the time of occurrence as set forth in the Plaintiffs' complaint.

**Response: Objection. See General Objections ## 1 and 2.**

8.  Produce a copy of each memorandum, written statement of policy, written policy guideline, administrative bulletin, or other writing prepared and disseminated to employees involved in claims administration, on any subject related to procedures in the administration, evaluation, determination, or payment of claims.

**Response: Objection. See General Objections ## 1 and 2.**

18.  Produce all documents that relate to the manner in which you, or anyone on your behalf, investigate, handle, or adjust property claims, including all policy and procedure manuals relating to the adjustment of

---

[2] This request is mis-typed by State Farm.  The request as served asked State Farm to produce "all internal documents" related to State Farm's decision to hire Donan Engineering, not "all internet documents" as re-typed and then answered.  Doc. 32 at n.2.

hurricane claims, that were in effect as of the date of the Plaintiffs' loss made the basis of this suit.

**Response: Objection. Se General Objections ## 1, 2, and 6.**

19.     Produce all claim's adjustment policies and procedures, however designated, that were in effect of the date of the Plaintiffs' loss made the basis of this suit.

**Response: Objection. See General Objection # 1.**

20.     Produce all operation guides and/or other documents containing statements of policy, policy guidelines, administrative bulletins, inter-company memoranda, or other documents of any kind, promulgated by the Defendants and distributed or disseminated to its employees or other individual or entities hired by you, relating to the standard, recommended, or expected procedures for the administration, evaluation, determination, and payment of claims that were in effect as of the date of the Plaintiffs' loss.

**Response: Objection.  See General Objection #1.**

21.     Produce a copy of all training manuals, videos, or other similar materials, provided to your employees and/or third parties that address the investigation, adjustment, and handling of property claims, including hurricane damage claims.

**Response: Objection. See General Objection # 1.**

### Conclusions of Law

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Under this rule, relevancy has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); *see also Hope For Families & Community Serv., Inc. v. Warren,* 2009 WL 174970, *3 (M.D. Ala. Jan. 26, 2009) (recognizing that district courts have "broad

discretion to ensure that parties 'obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense,' and '[f]or good cause, . . . may order discovery of any matter relevant to the subject matter involved in the action.'"). Indeed, "[t]he standard for what constitutes relevant evidence is a low one[.]" *United States v. Tinoco,* 304 F.3d 1088, 1120 (11th Cir. 2002), *cert. denied sub nom. Hernandez v. United States,* 538 U.S. 909 (2003). However, the scope of discovery is not without limits, the Supreme Court itself recognizing that "'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" *Oppenheimer Fund, Inc., supra,* 437 U.S. at 351 (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). Certainly, for instance, "[d]iscovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." *Id*. at 351-352 (internal quotation marks omitted). More to the point, "'[n]o one would suggest that discovery should be allowed of information that has no conceivable bearing on the case.'" *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (quoting 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE CIVIL 2d § 2008, pp. 105-06 (1994)).

      In addition to being nonprivileged and relevant, discovery requests must also be "proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). To determine whether the request is proportional to the needs of the case, the Court must consider "the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

**Interrogatory numbers 1, 2, and 5** seek the identity of all individuals who have discoverable knowledge concerning the Plaintiffs' home, Plaintiffs' claim, and the damages Plaintiffs' home suffered as a result of Hurricane Zeta. These interrogatories are within the scope of Rule 26 and discoverable. Plaintiffs' motion to compel a response to Interrogatories 1, 2, and 5 is **GRANTED**.

**Interrogatory numbers 11 and 12** seek information related to State Farm's past relationship with Donan Engineering. Such information is relevant to show whether Donan is an independent or biased in favor of State Farm. These interrogatories are within the scope of Rule 26, relevant and proportional. Plaintiffs' motion to compel a response to Interrogatories 11 and 12 is **GRANTED**.

**Requests for Production numbers 1, 2, 3, 4, and 5** deal with State Farm's relationship with Donan Engineering and are relevant on the issue of proving potential bias. *See Allstate Insurance Company v. Boecher*, 733 So. 2d 993 (Fla. 1999) (discussing discoverability of information regarding the extent of a party's relationship with an expert to show bias, including the financial relationship). Accordingly, Plaintiffs' motion to compel a response to Request for Production numbers 1, 2, 3, 4, and 5 is **GRANTED**.

**Requests for Production numbers 7, 8, 18, 19, 20, and 21** deal with State Farm's policies and procedures, or other instructive documents, that govern State Farm's method of adjusting wind-related claims. Information as to how State Farm adjusts claims is discoverable to the extent necessary to show whether State Farm

followed its own standards of care.[3]  Accordingly, to the extent Defendant's manuals, policies, procedures were invoked in the consideration of Plaintiffs' claim, they are within the scope of Rule 26.  With this refinement, Plaintiffs' motion to compel complete responses to Requests for Production numbers 7, 8, 18, 19, 20, and 21 is **GRANTED**.

**C. Depositions**.

Plaintiffs have repeatedly attempted to obtain 30(b)(5) and (6) depositions of Defendant; yet State Farm has refused to provide dates to depose its witnesses. Doc. 32 at 5-6.  Consequently, the discovery cutoff date of March 13, 2023 is hereby extended to allow Plaintiffs to take those depositions.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to compel (Docs. 27, 32) is **GRANTED,** as set forth above. Responses to those requests upon which responses are compelled by this Order are due on or before **March 13, 2023.** The parties are further **ORDERED** to file a joint proposal by **March 13, 2023** as to how and when the remaining depositions will occur.

**DONE** and **ORDERED** this the **8th** day of **March, 2023**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

---

[3]  To the extent State Farm objects to the confidential nature of the business information, the parties have agreed to, and the Court has ordered, a Consent Protective Order to govern.  See Doc. 12-1.