IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS KILLOUGH, et al., | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 2:22-0226-KD-MU |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant's Motion to Compel Deposition of Plaintiffs and Plaintiffs' Experts and Motion for Protective Order *Modification*. Doc. 35. Having reviewed the motion and exhibits, the Court finds that Defendant's Motion to Compel is **GRANTED** and Motion for Modified Protective Order is **GRANTED** as set out below.

On March 8, 2023, in response to Plaintiffs' Motion to Compel (originally filed as and titled a Motion for Sanctions *Plaintiffs' Motion to Preclude Defendant from Offering Witnesses and Evidence,* Doc. 27), the Court ordered that Defendant produce the relevant and proportional discovery sought by Plaintiffs and that "the discovery cutoff date of March 13, 2023 [be] extended to allow Plaintiffs to take [requested] depositions." Doc. 33 at 11 ("the March 8 Order"). Since the entry of that order, State Farm has produced the compelled responses and arranged for the depositions requested by Plaintiffs to be completed by March 28, 2023. Doc. 34. State Farm now moves to compel the depositions of Plaintiffs and Plaintiffs' experts, Barry Hilliman and Eric

Young, after Plaintiffs' counsel posited that the March 8 Order granted a unilateral extension for Plaintiffs (only) to obtain depositions. Doc. 35. According to Defendant, and consistent with Plaintiffs' position in the Motion for Sanctions and brief in support of their Motion to Compel, see Docs. 27, 32, Plaintiffs' counsel contends that State Farm has failed to identify an expert and that State Farm has waived the depositions of Plaintiffs and their experts.

The parties do not dispute the relevancy of the deponents' testimony nor the right to depose the identified witnesses. Fed. R. Civ. P. 26(b)(4) and 30; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Construing "relevancy" broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). Instead, the issue is whether the March 8 Order extending discovery for Plaintiffs to obtain requested depositions also includes an extension for Defendant to obtain depositions of Plaintiffs and Plaintiffs' experts.

Notably, the parties submitted various briefs, arguments, and exhibits prior to the entry of the March 8 Order and State Farm's pleadings were void of outstanding depositions to be taken or requests for depositions to be scheduled; thus, the Court did not address such in the March 8 Order. State Farm has now, however, noted such request within the discovery period, and State Farm's request is a reasonable one. Starting from the position that the purpose of litigation is to resolve a dispute on the merits, the Court previously granted Plaintiffs' Motion to Compel discovery responses and requested depositions. Likewise, the Court now grants Defendant's Motion to Compel. No doubt, counsel in this case are seasoned and well-versed in litigation. It

2

can be no surprise to either at this juncture that State Farm would seek to depose the Plaintiffs and Plaintiffs' experts. The exhibits presented by the parties throughout the proceedings further reflect that Barry Hilliman and Eric Young were known to the parties to be potential expert witnesses for Plaintiffs from early on and, also, that State Farm intended to depose Plaintiffs in this action. *See* Docs. 35-1; 35-2; 35-3. It is further evident from the exhibits submitted that State Farm, until approximately a week ago, has attempted to steer the trajectory of this suit towards discovery refusals and extensions, while Plaintiffs have attempted to follow the course set by the Court in its scheduling order. This has not gone unnoticed. However, to deny State Farm the ability to depose Plaintiffs and Plaintiffs' experts, here, would greatly prejudice them beyond the scope of fairness and would do nothing to further the resolution of this matter on the merits. Accordingly, State Farm's Motion to Compel is granted, and the parties are ordered to again file a joint proposal by March 20, 2023 as to how and when ALL remaining depositions in this case will occur. To be clear, the Court is extending the discovery deadline for obtaining the depositions of those witnesses previously requested by Plaintiffs and now for the four depositions requested by Defendant, Douglas Killough, Alicia Killough, Barry Hilliman, and Eric Young.

When scheduling the remaining depositions, the parties should keep in mind that this case has a pre-trial conference set before United States District Judge Kristi K. DuBose on June 8, 2023, with a dispositive motion deadline of April 3, 2023.

Additionally, given State Farm's production of claims handling manuals, guidelines and related materials in response to Plaintiffs' discovery requests, Defendant has moved for a "more robust" protective order. Doc. 35 at 2. State Farm has

established that the information and documents produced may be confidential and proprietary in nature, the disclosure of which could result in irreparable harm to State Farm and the loss of a business advantage.  Accordingly, the undersigned finds entry of the modified protective order is warranted and the request to enter one is hereby granted. The parties must confer and submit, if it all possible, a Protective Order they agree upon given this ruling by March 20, 2023.

## **CONCLUSION**

Based on the foregoing, Defendant's Motion to Compel (Doc. 35) is **GRANTED,** as set forth above. The parties are further **ORDERED** to file a joint proposal by **March 20, 2023** as to how and when ALL remaining depositions in this case will occur together with the modified Protective Order.

**DONE** and **ORDERED** this the 14th day of **March, 2023**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**